UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCES SLANE,

    Plaintiff,

v.                                             Case No: 2:15-cv-181-FtM-38CM

CITY OF SANIBEL and JUDITH ANN ZIMOMRA,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff's Motion for Temporary and Preliminary Injunction (Doc. #3) filed on March 20, 2015.

Plaintiff Frances Slane initiated a civil lawsuit against Defendants City of Sanibel and Judith Ann Zimomra on March 20, 2015. (Doc. #1). According to the Verified Complaint, Slane is a City of Sanibel homeowner and finance-department employee. (Doc. #1, ¶¶1, 4, 6). The City Manager is allegedly retaliating against Slane because Slane: (1) exposed the mayor for lying about City Council travel expenses; (2) ran for City Council against an incumbent council member; (3) indicated the city's recreation center is operating at a higher than projected budget; and (4) sued the City of Sanibel in state court. (Doc. #1, at ¶1). Slane seeks to enjoin Zimomra, City of Sanibel's final policy maker, and City of Sanibel from retaliating against her due to Slane's political speech and

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

electoral politics. (Doc. #1, at ¶¶5, 29). Slane asserts Zimomra has retaliated against Slane by: (1) placing her on administrative leave; (2) suspending her without pay; (3) threatening her with further discipline; and (4) micro-managing her at work. (Doc. #3, at 3). Slane seeks a temporary restraining order and permanent injunction in light of these allegations.

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court may issue a temporary restraining order if: (1) specific facts clearly show immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b). Here, although Slane's counsel has communicated to the Court how he has given notice to the defendants, (see Doc. #3, at 1-2), the Court does not find there is a clear showing of imminent and irreparable consequence to warrant a temporary restraining order. Upon review of the Verified Complaint and instant motion, any retaliatory conduct by City of Sanibel and Zimomra against Slane that will result in immediate and irreparable injury, loss, or damage is presently speculative.

The Court will allow City of Sanibel and Zimomra to respond to the motion for preliminary injunction and will hold a preliminary injunction hearing as set forth below.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Temporary and Preliminary Injunction (Doc. #3) is **DENIED in part**. The motion for temporary restraining order is **DENIED**. The motion for preliminary injunction remains pending.

2. On or before **Tuesday, April 7, 2015**, Defendants City of Sanibel and Judith Ann Zimomra may file a response in opposition to the motion for preliminary injunction.

3. On **Tuesday, April 21, 2015, at 10:00 a.m.** the parties shall appear for a preliminary injunction hearing before the undersigned at the U.S. Courthouse for the Middle District of Florida, Fort Myers Division, 2110 First Street, Courtroom 5D, Fort Myers, Florida 33901. No oral testimony will be permitted at the hearing. Each side will be allowed a total of thirty minutes for oral argument. The Clerk is directed to issue a notice accordingly.

4. Plaintiff is directed to immediately serve defendants with a copy of this Order.

5. The parties are directed to review and comply with Middle District of Florida Local Rule 4.06.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of March, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record